949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold Roy FISHER, Petitioner-Appellant,
v.
Larry KINCHELOE, Superintendent of Washington State
Penitentiary; Kenneth O. Eikenberry, Attorney
General of the State of Washington,
Respondents-Appellees.
 No. 90-35704.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1991.*
Decided Dec. 4, 1991.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harold Fisher appeals from the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that the district court erred by concluding that the use of an "anonymous jury" at his state criminal trial was an unreviewable claim because of Fisher's procedural default with respect thereto. We review de novo, see Thomas v. Lewis, No. 90-16585, slip op. 13635, 13641 (9th Cir. Sept. 27, 1991), and we affirm.
 
 
 3
 Fisher failed to object at trial to the "anonymous jury" selection process. Citing prior decisions upholding the State's contemporaneous objection rule, the Washington Court of Appeals held, inter alia, that Fisher's failure to object constituted a procedural default.[1] Because the Washington Supreme Court denied review without reaching the merits of Fisher's claim, the Washington Court of Appeals' decision constitutes the last reasoned state court holding on this issue. See Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991).
 
 
 4
 Fisher neither alleged nor showed that Washington's contemporaneous objection rule is not regularly followed in that State. Therefore, the Washington Court of Appeals' ruling on that issue constitutes an adequate and independent ground for its denial of relief. See Johnson v. Mississippi, 486 U.S. 578, 587 (1988). An adequate and independent finding by a state court of a defendant's procedural default on a federal constitutional claim precludes subsequent federal habeas review of that claim, absent either a showing of cause for the default and prejudice attributable thereto, or a demonstration that the failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2564-65 (1991) (citations and quotations omitted).
 
 
 5
 Fisher failed to allege and show both cause for, and prejudice resulting from, his procedural default, and the facts as alleged do not support any contention that the failure to consider his claim will result in a fundamental miscarriage of justice. Accordingly, the district court did not err in dismissing the petition for want of jurisdiction.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the Washington Court of Appeals also discussed and rejected the merits of Fisher's claim that the use of an "anonymous jury" was unconstitutional, it is clear from its opinion that procedural default constituted an alternative basis for its ruling. Cf. Harris v. Reed, 489 U.S. 255, 264 & n. 10 (1989)